# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRENDA LYNN WOODS,

　　　　　　Appellant,

　　　v.

DEPARTMENT OF VETERANS
　　AFFAIRS,

　　　　　　Agency.

DOCKET NUMBER
AT-0752-18-0697-I-1

DATE: April 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brenda Lynn Woods, Memphis, Tennessee, pro se.

Lois F. Prince and Bradley Flippin, Nashville, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Effective April 15, 2018, the agency appointed the appellant under 38 U.S.C. § 7401(3) to an excepted service appointment subject to the successful completion of a one-year probationary period. Initial Appeal File (IAF), Tab 1 at 10. According to the Standard Form 50 documenting her appointment, the appellant is preference eligible. *Id.* Effective August 6, 2018, the agency terminated her for "unacceptable conduct." *Id.* at 7-8.

The appellant filed an appeal and the administrative judge issued *Burgess*[2] notice appropriate to a preference-eligible probationer in the excepted service. IAF, Tabs 1, 3. In response, the appellant asserted that the Board had jurisdiction over her appeal because she alleged that the agency committed prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(5), (8), and (10). IAF, Tab 7. In its response to the administrative judge's jurisdictional notice, the agency submitted evidence that the appellant resigned from her position on the date her termination would have been effective. IAF, Tab 9 at 28-33.

---

[2] An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985).

The administrative judge issued a decision on the written record in which he dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 4. The administrative judge found that the appellant failed to show that she was an employee with appeal rights under 5 U.S.C. § 7511(a)(1)(B), and thus had no right to appeal either a probationary termination or an involuntary resignation. ID at 2-3. He also found that the appellant could not appeal her separation as an individual right of action (IRA) appeal because she did not allege that she exhausted her administrative remedies with the Office of Special Counsel (OSC). ID at 4. Finally, he found that the Board lacked jurisdiction over the appellant's claims of prohibited personnel practices absent jurisdiction over the underlying personnel action. ID at 3-4.

The appellant petitions for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency responds in opposition to the appellant's petition for review and the appellant replies to the agency's response. PFR File, Tabs 3-4.

The basis for the appellant's assertion that the agency terminated her because of alleged whistleblowing is not entirely clear. In her pleadings below, she states that the agency terminated her to prevent her from whistleblowing rather than that it retaliated against her for protected disclosures she had already made. IAF, Tab 7 at 6. The administrative judge did not issue any *Burgess* notice appropriate to a whistleblowing claim, and the agency did not address IRA jurisdiction in any of its pleadings. However, the Board has held that, when the initial decision itself provides proper *Burgess* notice such that the appellant has an opportunity to establish jurisdiction in her petition for review, the Board's obligation to provide notice is satisfied. *Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 11 (2007), *overruled on other grounds by Brookins v. Department of the Interior*, 2023 MSPB 3, ¶ 8. To the extent that the appellant raised a colorable IRA claim, the administrative judge's finding in the initial decision that she was required to establish exhaustion and did not do so, ID at 4,

was sufficient to put the appellant on notice that she must submit evidence of exhaustion with her petition for review in order to show jurisdiction over her purported IRA claim.

On review, the appellant asserts that she filed a complaint with OSC and that OSC informed her that it would be unable to take any action on her complaint for three to six months. PFR File, Tab 1 at 4. The appellant does not state when she filed an OSC complaint, she does not submit a copy of any OSC complaint or any correspondence from OSC, and she does not specify whether her complaint was of whistleblower reprisal (which is a prerequisite for an IRA appeal) or of prohibited personnel practices (which requires an otherwise appealable action to fall within the Board's purview). Therefore, the appellant's bare assertion that she made an unspecified filing with OSC on an unspecified date does not overcome the administrative judge's finding that she failed to show by preponderant evidence that she exhausted her administrative remedies.

As to her separation from service, the appellant was a preference-eligible probationer in the excepted service, appointed under 38 U.S.C. § 7401(3). The Office of Personnel Management's regulations at 5 C.F.R. subpart 315 apply only to competitive service appointments and to excepted service Veterans Recruitment Appointments. They do not apply to the appellant. *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009) (finding that employees appointed under 38 U.S.C. § 7401(3) are in the excepted service and are not entitled to competitive service protections). Therefore, the Board only has jurisdiction over the appellant's separation if she can show that she is an "employee" under 5 U.S.C. § 7511(b)(1)(B). In other words, the appellant must show by preponderant evidence that she has completed 1 year of current continuous service in the same or similar positions in an Executive agency or in the U.S. Postal Service or Postal Regulatory Commission. *Allen v. Department of the Navy*, 102 M.S.P.R. 302, ¶ 7 (2006). "Current continuous service" means a period of employment or service, either in the competitive or excepted service

that immediately precedes an adverse action, without a break in Federal civilian employment of a work day. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 14 (2011).

The administrative judge found that the appellant has some prior Federal service, but that there is no evidence that this prior service immediately preceded her appointment to the position from which she was terminated. ID at 3. The appellant does not dispute the administrative judge's finding on review and we discern no contrary evidence in the record. We find that the administrative judge correctly determined that the appellant failed to show that she is an employee with appeal rights under 5 U.S.C. § 7511(a)(1)(B). Similarly, because the appellant has not shown that the Board has jurisdiction over her appeal, the administrative judge correctly found that the Board lacks jurisdiction to consider her allegations of prohibited personnel practices. ID at 3-4; *see Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd sub nom. Wren v. Merit Systems Protection Board*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

Finally, the appellant has filed a request for leave to file an additional pleading on the basis that the agency committed a prohibited personnel practice under 5 U.S.C. § 2302(b)(8) and failed to follow the procedures set forth in 5 C.F.R. § 315.805. PFR File, Tab 6. The Board lacks jurisdiction over the appellant's purported IRA claim for the reasons set forth above, and her assertion that the agency violated 5 U.S.C. § 2302(b)(8) provides no basis to disturb the administrative judge's finding. Moreover, even assuming that the appellant's resignation was not effective and that she was terminated during her probationary period, she was an excepted service employee and was not entitled to the procedural protections of 5 C.F.R. § 315.805. *Barrand*, 112 M.S.P.R. 210, ¶ 13. Therefore, we DENY her motion for leave to submit an additional pleading.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.